UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>**Francisco Javier RAMIREZ,**<br><br>　　　　　　Defendant | Magistrate Docket No. **08 MJ 0470**<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8, U.S.C., Section 1326<br>Deported Alien Found in the<br>United States |

　　　The undersigned complainant, being duly sworn, states:

　　　On or about **February 12, 2008** within the Southern District of California, defendant, **Francisco Javier RAMIREZ,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　SIGNATURE OF COMPLAINANT
　　　　　　　　　　　　　　　　　　　James Trombley
　　　　　　　　　　　　　　　　　　　Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **19th** DAY OF **FEBRUARY 2008**

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　William McCurine, Jr.
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Francisco Javier RAMIREZ

## PROBABLE CAUSE STATEMENT

I declare under the penalty of perjury that the following statement is true and correct:

On February 12, 2008, Border Patrol Agent L. Monterrey was performing line watch duties for the Imperial Beach Border Patrol Station in an area known as "Soccer Field". "Soccer Field" is approximately two and one half miles east of the San Ysidro, California Port of Entry and approximately one hundred yards north of the United States/Mexico International Border Fence. This area is commonly used by illegal aliens to further their entry into the United States. At approximately 1:30 a.m., The Remote Video Sector Surveillance System observed four individuals climb the United States/Mexico International Border fence and then climb the secondary United States/Mexico International Border fence. Agent Monterrey responded to the area and noticed an individual lying on the ground just north of the secondary fence. Agent Monterrey identified himself as a United States Border Patrol Agent and noticed that the individual, later identified as the defendant, Francisco Javier RAMIREZ, was in pain and called for Emergency Medical Services. Due to the proximity to the border and RVSS observations, Agent Monterrey performed an immigration inspection on the defendant. The defendant freely admitted to being a citizen of Mexico who did not possess any immigration documents that allowed him to legally enter or remain in the United States. At 1:35 am, Agent Monterrey placed the defendant under arrest and arranged for him to be transported to the UCSD Medical Center.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **January 30, 2008** through **Laredo, Texas**. These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda rights. The defendant stated that he understood his rights and was willing to answer questions without an attorney present. The defendant admitted that he is a citizen and national of Mexico illegally present in the United States. The defendant further admitted that he had been previously deported from the United States and has not applied or requested permission to re-enter the United States legally.

Executed on February 18, 2008 at 9:30 a.m.

_____
Terri L. Dimolios
Senior Patrol Agent

On the basis of the facts presented in the probable cause statement consisting of 1 page(s), I find probable cause to believe that the defendant named in this probable cause statement committed the offense on February 12, 2008 in violation of Title 8, United States Code, Section 1326.

_____
William McCurine, Jr.
United States Magistrate Judge

_____
Date/Time